## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID BELL, *et al.*,

      Plaintiffs,

    v.

MATTHEW R. FARRELL, *et al.*,

      Defendants.

No. 4:17-CV-02020

(Judge Brann)

## MEMORANDUM OPINION

### JULY 10, 2020

In preparation for trial, the parties have each filed motions in limine.[1]  I begin by summarizing the legal standard applicable to motions in limine before addressing each issue.

## I.    LEGAL STANDARD

Motions in limine are motions made before trial to aid the clear presentation of evidence.  "Evidence should only be excluded on a motion in limine if it is clearly inadmissible on all potential grounds.  The movant bears the burden of demonstrating that the evidence is inadmissible on all potential grounds."[2]

---

[1]    *See* Docs. 42, 44.
[2]    *Feld v. Primus Techs. Corp.*, Civ. No. 4:12-1492, 2015 WL 1932053, at *1 (M.D. Pa. 2015) (citation omitted).

Evidence is relevant if it has any tendency to make a fact more or less probable and if that fact is of consequence in determining the action.[3]

## II.    DISCUSSION

### A.    Plaintiffs' Motion in Limine

Plaintiffs take issue with an opinion of Defendants' medical expert, Hugh Calkins, M.D.  Dr. Calkins opines in his expert report that "it is more likely than not that [Plaintiff David Bell's] atrial fibrillation diagnosis preceded the [automobile accident that premises this litigation]."  For clarity and brevity, I refer to this opinion as the Offending Opinion.

According to Plaintiffs, the Offending Opinion has two deficiencies.  First, Plaintiffs argue that Dr. Calkins did not express the Offending Opinion with the requisite degree of medical certainty.  Second, Plaintiffs argue that Dr. Calkins did not use reliable methods in arriving at the Offending Opinion.

#### 1.    Certainty

The Court declines Plaintiffs' suggestion to revisit the Supreme Court of Pennsylvania's decision in *McMahon v. Young*,[4] as interpreted by the Superior Court of Pennsylvania in *Neal by Neal v. Lu*, that the standard requiring medical experts to opine with "reasonable medical certainty" "applies only to expert medical testimony that a litigant offers as proof of a necessary fact in support of

---

[3]    *See Univac Dental Co. v. Dentsply Int'l, Inc.*, 268 F.R.D. 190, 196–97 (M.D. Pa. 2010) (*quoting* Fed. R. Evid. 401).

[4]    276 A.2d 534 (Pa. 1971).

recovery."[5]  Under the standard originally put forth in *McMahon* and then interpreted in *Neal by Neal*, I find that Dr. Calkins expressed the Offending Opinion with enough certainty, given his posture as a medical expert for the defense.

### 2.    Reliability[6]

Plaintiffs argue that the Offending Opinion was not based on proper differential diagnosis methodology and is therefore unreliable.  Differential diagnosis is a "technique that involves assessing causation with respect to a particular individual."[7]  "The elements of a differential diagnosis may consist of the performance of physical examinations, the taking of medical histories, and the review of clinical tests, including laboratory tests. A doctor does not have to employ all of these techniques in order for the doctor's diagnosis to be reliable."  "A differential diagnosis may be reliable with less than all the types of information set out above."  "Depending on the medical condition at issue and on the clinical information already available, a physician may reach a reliable differential

---

[5]  530 A.2d 103, 109-10 (Pa. Super. 1987); *see also Jacobs v. Chatwani*, 922 A.2d 950, 961 (Pa. Super. 2007) ("Pennsylvania law does not require a defense expert in a medical malpractice case to state his or her opinion to the same degree of medical certainty applied to the plaintiff, who bears the burden of proof at trial."); *Oxford Presbyterian Church v. Weil-McLain Co.*, 815 A.2d 1094, 1105 n.5 (Pa. Super. 2003); *Smick v. City of Philadelphia*, 638 A.2d 287, 289 (Pa. Cmwlth. 1994) ("The defendant ordinarily need not prove, with certainty or otherwise, that it is innocent of the alleged wrongdoing.").

[6]  The Court analyzes reliability under the standards set forth by the United States Court of Appeals for the Third Circuit.  *See Brugler v. Unum Grp.*, No. 4:15-CV-01031, 2019 WL 4452226, at *11 (M.D. Pa. Sept. 17, 2019) (Brann, J.).

[7]  *Kannankeril v. Terminix Int'l, Inc.*, 128 F.3d 802, 807 (3d Cir. 1997), *as amended* (Dec. 12, 1997).

diagnosis without himself performing a physical examination, particularly if there are other examination results available. In fact, it is perfectly acceptable, in arriving at a diagnosis, for a physician to rely on examinations and tests performed by other medical practitioners."[8]

Here, in forming the Offending Opinion, Calkins relied on David Bell's age, David's weight, common scenarios concerning atrial fibrillation, and David's two asymptomatic presentations of atrial fibrillation.  Plaintiffs take obvious issue with the Offending Opinion's conclusion, but "[t]he analysis of [an expert's] conclusions themselves is for the trier of fact when the expert is subjected to cross-examination."[9]  "[A]n expert opinion must be based on reliable methodology and must reliably flow from that methodology and the facts at issue—but it need not be so persuasive as to meet a party's burden of proof or even necessarily its burden of production."[10]  The Court finds that the Offending Opinion's conclusion does "reliably flow" from the methodology I described above; therefore, the Offending Opinion meets the *Daubert* bar for reliability.[11]  Plaintiffs are certainly free to

---

[8]   *Id.*

[9]   *Id.*

[10]  *Heller v. Shaw Indus., Inc.*, 167 F.3d 146, 152 (3d Cir. 1999).

[11]  *See In re: Tylenol (Acetaminophen) Mktg., Sales Practices, & Prod. Liab. Litig.*, No. 2:12-CV-07263, 2016 WL 3997046, at *13 (E.D. Pa. July 26, 2016) (analysis that considered medical history, available evidence about substance, and risk factors was reliable); *see generally Feit v. Great-W. Life & Annuity Ins. Co.*, 460 F. Supp. 2d 632, 641 (D.N.J. 2006); *Johnson v. Vane Line Bunkering, Inc.*, No. CIV.A. 01-5819, 2003 WL 23162433, at *7 (E.D. Pa. Dec. 30, 2003) (party failed to rebut prima facie evidence of reliability).

employ vigorous cross-examination at trial in order to discredit the Offending

Opinion.[12]

**B.    Defendants' Omnibus Motion in Limine**

Defendants request that the Court preclude Plaintiffs from offering evidence

concerning David's lost wages and David's lost earning capacity.  Defendants also

request that the Court preclude Plaintiffs' expert, Craig Wilkenfeld, M.D., from

offering an expert opinion on David's spleen injury.

**1.    Lost Wages Evidence**

Plaintiffs propose that David's deposition testimony on weeks of work that

he missed due to injury, combined with his tax records, is enough evidence to have

the jury consider David's lost wages as potential damages.  The Court agrees.[13]

Therefore, the Court will not exclude this evidence, and the Court denies this

motion with prejudice.  The jury, of course, will judge David's credibility and

assess the weight of his testimony and of the tax records in question.

**2.    Lost Earning Capacity Evidence**

To have a jury consider a plaintiff's lost earning capacity as potential

damages, that plaintiff must submit "medical evidence . . . to prove the

---

[12]  *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596 (1993); *see also Kenna ex rel. Kenna v. Jill-Dhara, Inc.*, No. CIV.A.03-211J, 2006 WL 1266522, at *4 (W.D. Pa. May 9, 2006) ("The Defendants may certainly cross-examine [the expert] at trial as to the absence of [certain] tests and evaluations and such matter would go to the weight of [the expert's] testimony, not its admissibility.").

[13]  *See Sweeten v. Layson's Home Improvements, Inc.*, No. CIV A 104-CV-2771, 2007 WL 1189363, at *3 (M.D. Pa. Apr. 19, 2007) (explaining that "testimony alone may be sufficient" to allow the question of damages via lost wages to be submitted to a jury).

permanency of plaintiff's injury."[14]  "Proof of an injury which may cause future trouble is not necessarily a permanent injury. . . . If a finding of permanent injury is to be sustained, it must be based on something more than mere conjecture or speculation as to what might occur in the future."[15]

Plaintiffs propose submitting testimony from Dr. Wilkenfeld as medical evidence in support of damages for lost earning capacity.  The testimony in question is that due to the injuries David sustained in the accident, David now has an "increased risk of atrial fibrillation with the attendant increased risk of stroke."  This prognosis of increased risk of injury in the future does not equate to evidence that David suffered a permanent injury.  Thus, the Court precludes Plaintiffs from offering evidence in support of David's lost earning capacity, and the Court grants this motion.

### 3.    Dr. Wilkenfeld's Opinion

Defendants also request that the Court preclude Dr. Wilkenfeld from offering an expert opinion on David's spleen injury.[16]  Per Defendants, Dr. Wilkenfeld is a cardiologist and therefore is not qualified to comment on David's spleen injury.[17]  Further, Defendants assert that Dr. Wilkenfeld's testimony would

---

[14]   *Keifer v. Reinhart Foodservice, LLC*, No. CIV.A. 09-1558, 2013 WL 2558004, at *6 (W.D. Pa. June 11, 2013), *aff'd sub nom. Keifer v. Reinhart Foodservices, LLC*, 563 F. App'x 112 (3d Cir. 2014).

[15]   *Messer v. Beighley*, 187 A.2d 168, 170 (Pa. 1963).

[16]   Doc. 42 at ¶¶ 25-29.

[17]   Doc. 42 at ¶¶ 28-29.

be cumulative to the testimony of another of Plaintiffs' experts, Tariq Rahman, M.D., who treated David's spleen injury following the accident.[18]

Plaintiffs, in opposition, argue that as a cardiologist who is board-certified in internal medicine, Dr. Wilkenfeld is qualified.[19]  Plaintiffs also argue that Dr. Wilkenfeld's testimony is not duplicative because Dr. Rahman and Dr. Wilkenfeld specialize in different areas.[20]  Finally, Plaintiffs argue that the Court should determine whether the testimony is duplicative or cumulative at trial.[21]

In reply, Defendants argue that a specific and discrete section of the testimony Plaintiffs state in their Opposition should be excluded because it is beyond the scope of Dr. Wilkenfeld's expert report.  "Testimony of expert witnesses is limited to the information contained in their expert reports."[22]  However, "[w]hen determining whether an expert's testimony is beyond the scope of the expert's written report, courts do not require verbatim consistency with the report, but allow testimony which is consistent with the report and is a reasonable synthesis and/or elaboration of the opinions contained in the expert's report."[23]

Here, Defendants take issue with Plaintiffs' articulation in their Opposition that Dr. Wilkenfeld will testify that "the injuries to Plaintiff Bell's spleen, which

---

[18]   Doc. 43 at 10.
[19]   Doc. 48 at 14-15.  The Court agrees that Dr. Wilkenfeld is qualified to testify on this topic. *See Peterson v. Colvin*, 2015 WL 4207217, at *2 (M.D. Pa. July 10, 2015).
[20]   Doc. 48 at 15-16.
[21]   Doc. 48 at 15-16.
[22]   *nCube Corp. v. SeaChange Int'l, Inc.*, 809 F. Supp. 2d 337, 347 (D. Del. 2011).
[23]   *Id.* (cleaned up).

required surgery, related to the severity of the impact of the crash, which in turn caused atrial fibrillation and heart injury with attendant future medical risks." The Court agrees with Defendants that this precise phrasing is found nowhere in Dr. Wilkenfeld's report. However, the Court finds that this testimony "is a reasonable synthesis and/or elaboration of the opinions" that are found in Dr. Wilkenfeld's report. Precluding this testimony would be an exercise in empty formalism. The Court denies with prejudice Defendants' motion to preclude this specific and discrete testimony.

Defendants also argue that a subsection of the opinions in Dr. Wilkenfeld's report – Dr. Wilkenfeld's descriptions of "the alleged future complications that [David] will experience due to the spleen injury" – are cumulative to Dr. Rahman's testimony.[24] This motion is premature; the Court denies it without prejudice.[25] Defendants are free to assert it again at trial when the parties and the Court will understand better the similarities and differences between Dr. Wilkenfeld's testimony and Dr. Rahman's testimony.

---

[24] Doc. 49 at 8-9.
[25] *See Burdyn v. Borough*, No. 3:12-CV-2236, 2017 WL 394326, at *1 (M.D. Pa. Jan. 26, 2017).

## III.    CONCLUSION

For the reasons provided above, Plaintiffs' Motion in Limine is denied with prejudice.  Defendants' Omnibus Motion in Limine is granted in part and denied in part.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge